FILED - USDC - FLMD - OCA
JUN 30 2026 PM2:48



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Ocala Division**
**Case No. 5:26-cv-00341-WWB-PRL**

DeAnna Strain, Plaintiff

v.

Idaho Central Credit Union, Defendant

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## Jurisdiction and Venue

1. This action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.

2. This Court has jurisdiction under 28 U.S.C. §1331.

3. Venue is proper because Plaintiff resides in this District and the alleged injuries occurred here.

Parties

4. Plaintiff is a consumer under the FCRA.

5. Defendant Idaho Central Credit Union furnishes information to consumer reporting agencies.

## General Allegations

6. Defendant furnished information concerning a revolving credit account associated with Plaintiff's name and Social Security number.

7. Plaintiff did not apply for, authorize, or use the account.

8. The account contained identifying information associated with another individual while Plaintiff's information was limited to her name and Social Security number.

9. Upon information and belief, the disputed credit account was associated with a business account while also being associated with Plaintiff's name and Social Security number.

10. Despite the apparent business-account relationship and Plaintiff's dispute that she did not authorize the account, Defendant verified the account as accurate without reasonably investigating the account-opening documentation, the basis for associating Plaintiff's Social Security number with the account, or Plaintiff's authorization.

11. The credit card associated with the account was issued and mailed to the other individual rather than Plaintiff.

12. Prior to July 2024 Defendant had no history of direct communication with Plaintiff regarding the account.

13. Plaintiff notified Defendant in or about July 2024 that the account was fraudulent and unauthorized.

14. Plaintiff's fraud notice preceded the account default.

15. Defendant refused to allow Plaintiff to close or restrict the account because another individual's name appeared first on the account and advised that the other individual would stop making payments if the account were closed.

16. After Defendant's refusal the account balance increased substantially.

17. Plaintiff disputed the account with one or more consumer reporting agencies.

18. The consumer reporting agencies transmitted the dispute to Defendant.

19. After receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, Defendant verified the disputed account as accurate.

20. Defendant failed to conduct a reasonable investigation, including failing to verify Plaintiff's authorization, reconcile inconsistent identifying information, review underlying account documentation, consider Plaintiff's prior fraud notice, and account for the lack of communication history.

21. The individual associated with the account later testified under oath that the DocuSign used to open the disputed account was transmitted to and executed through his email address, not Plaintiff's email address.

22. Plaintiff incurred approximately $15,500 in attorney's fees and litigation-related expenses to remove the inaccurate tradeline and mitigate the resulting credit damage, together with filing and service costs incurred in this action.

23. A seasoned $20,000 revolving tradeline was removed, impairing Plaintiff's credit profile and increasing utilization.

24. Another creditor reduced Plaintiff's available credit, further increasing utilization.

25. The account was removed only after attorney intervention.

26. Despite removal, Defendant and/or its agents continued attempting to collect the debt from Plaintiff.

27. As a direct and proximate result, Plaintiff suffered financial harm, credit harm, inconvenience, and emotional distress.

**COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b)**

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

29. After receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, Defendant was required to conduct a reasonable investigation.

30. Defendant failed to conduct a reasonable investigation and verified inaccurate information.

31. Defendant's conduct was negligent and/or willful.

32. As a direct and proximate result, Plaintiff suffered damages.

**Prayer for Relief**

Plaintiff requests judgment in her favor and against Defendant, awarding actual damages, statutory damages to the extent authorized by law, punitive damages where authorized, costs, recoverable attorney's fees as permitted by statute, pre-judgment and post-judgment interest where applicable, and such other relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

DeAnna Strain
7642 N Nature
Hernando, FL 34442
352-819-0734
thyne36@gmail.com