FILED - USDC - FLMD - OCA
NOV 24 2026 PM2:53

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**OCALA DIVISION**

DEANNA STRAIN, CASE NO. 5:26-cv-341-WWB-PRL

Plaintiff,

v.

IDAHO CENTRAL CREDIT UNION,
Defendant.

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY PROCEEDINGS

Plaintiff, DeAnna Strain, proceeding pro se, respectfully files this Response in Opposition to Defendant Idaho Central Credit Union's ("ICCU") Motion to Compel Arbitration and Motion to Stay Proceedings [Doc. 22]. Plaintiff requests that this Court deny both motions because Defendant has failed to satisfy its initial statutory burden of proving the existence of a valid, authentic, and binding agreement to arbitrate this dispute. In support thereof, Plaintiff states as follows:

## PRELIMINARY STATEMENT

Defendant's motions represent an attempt to evade federal consumer protection liabilities, halt active discovery, and remove a pro se litigant of her constitutional right to a jury trial. ICCU's entire motion rests upon an engineered legal fiction: attempting to force Plaintiff into a private arbitration forum based on a 2019 automotive loan contract that was fully paid off, satisfied, and completely extinguished in 2023.

An arbitration clause is limited to the specific transaction to which the parties agreed. Even if any provision of the paid off 2019 vehicle contract survived satisfaction, its scope does not reach unrelated events occurring years after the relationship ended. Defendant cannot retroactively resurrect a satisfied auto loan to shield itself from a completely separate, independent instance of identity theft and Fair Credit Reporting Act ("FCRA") violations discovered in 2024.

Furthermore, Defendant's own documentary submissions reveal chronological inversions and material fabrications that completely question the authenticity of the records. Because contract formation is actively disputed by the physical record, Defendant's motion to stay must be denied, and discovery must be permitted to proceed.

# MEMORANDUM OF LAW

## I. AN ARBITRATION CLAUSE IS LIMITED TO ITS AGREED SCOPE: THE 2019 AUTO LOAN DOES NOT COVER UNRELATED 2024 IDENTITY THEFT AND FCRA CLAIMS

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, arbitration is strictly a matter of contract. A party cannot be forced to arbitrate a dispute unless they have agreed to do so. Under the FAA, a party cannot be compelled to arbitrate a dispute that falls outside the scope of the specific transaction to which they agreed.

Here, the sole nexus Defendant relies on to establish a relationship with Plaintiff is a 2019 vehicle contract. The 2019 automobile loan was fully satisfied in 2023. Defendant has not established that Plaintiff entered into a separate, continuing membership agreement containing an enforceable arbitration provision, or that any arbitration obligation arising from the automobile transaction extends to the separate disputed credit card and subsequent FCRA violations. ICCU has not demonstrated that the satisfied 2019 automobile loan provides a contractual basis to compel arbitration of separate statutory consumer protection violations arising years later.

## II. DEFENDANT HAS FAILED TO CARRY ITS BURDEN OF PROVING CONTRACT FORMATION AND PHYSICAL

## AUTHENTICITY

When a party moves to compel arbitration, it bears the initial burden of proving that a valid contract containing an arbitration clause was formed between the specific parties. ICCU has failed to provide a verified baseline of contract formation, as its own evidence contains fatal physical and structural defects:

- Failure of Intent Section and Top-of-Page Instructions (see Exhibit B Page 10 /Page ID 181): The instructions contain an explicit mandate under the section titled "IMPORTANT: READ THESE DIRECTIONS BEFORE COMPLETING THIS APPLICATION" requiring the applicant to check a box declaring the specific credit type requested and initial the selection. A visual inspection of Exhibit B reveals that not a single box is checked, and the lines for 'Applicant Initial' and 'Co-Applicant Initial' are entirely blank.

Under contract law, a consumer cannot be bound to an agreement when the document's own mandatory mechanism to declare intent is completely unfulfilled and blank.

- Chronological and Timestamp discrepancies: Defendant's Exhibit B reflects that the financing documents were entered at 1:43:53 p.m. on

October 24, 2019 (Page 21), while the credit union's approval is recorded at 2:10 p.m. that same day (Page 12). This discrepancy raises a material

question concerning the sequence of document preparation, approval, execution, and any subsequent modifications. Defendant has not supplied the underlying electronic audit records necessary to establish when Plaintiff allegedly executed the documents or whether the documents were modified afterward.

- Material Fabrication of Housing Liabilities: On Exhibit B Page 11 (Section 3), the application explicitly checks the box identifying the applicant as a homeowner ('OWN HOME'), yet the field explicitly designated for 'RENT/MORTGAGE PYMT.' contains a zero, falsely representing that the applicant carries a $0.00 monthly housing liability. Plaintiff states under penalty of perjury that this entry is an absolute financial fabrication and none of the handwriting or entries on Page 11 belong to her.

- Fraudulent Income Fabrication: On Page 11 (Section 2) of Exhibit B, the application displays a handwritten entry claiming Plaintiff actively received $750 in monthly child support income. While a child support order may have historically existed, Plaintiff states that she was not collecting any support at that time, making the stated $750 monthly income a fabrication. Furthermore, none of the handwriting on Page 11 belongs to Plaintiff; the data was unilaterally manufactured by a third party to secure loan approval.

- Failure to Produce Contemporaneous Rules: Defendant's Motion relies entirely on Exhibit A, an unexecuted master account booklet clearly marked "Rev. 03/2025". Defendant has failed to produce the actual text or rules active in 2019. It is impossible for Plaintiff to have exercised a 30 day opt out provision in 2019 for a document revised in 2025.

- Unfulfilled Conditions Precedent: Defendant's own Exhibit B (the RouteOne Log on Page 12) explicitly proves that master credit union membership was highly conditional. The explicit system stipulations mandated: "Need $30 Membership Fee" and "MEMBERSHIP CARD REQUIRED". These conditions were never met. Plaintiff was never assigned a core deposit membership number, and a credit union cannot legally establish a deposit relationship under Idaho Code § 26-2110 without completing these mandates.

- Complete Omission of Signatures: Exhibit B on Page 5 (GAP Addendum) and Page 9 (SafeRide Motor Club), the required lines for 'Signature of Buyer' and

only signed by the "MEMBER". No contract was ever formed on these auxiliary services.

• Static Digital Image Overlays: On Page 11 and Page 12, the signature lines do not feature a genuine, fluid handwritten execution. They rely entirely on unauthenticated, static digital cut-and-paste images of initials ('ds') rather than a physical signature.

Under Granite Rock Co. v. International Brotherhood of Teamsters, 561 U.S. 287 (2010), when a party explicitly challenges the physical authenticity and execution of the signature blocks, the Court, not an arbitrator, must resolve the threshold issue of contract formation.

Plaintiff submits her sworn Declaration (Plaintiff's Exhibit A-2) in support of her factual challenges to contract formation, authorization, and the authenticity of Defendant's documents.

## III. EQUITABLE ESTOPPEL BARS DEFENDANT FROM CLAIMING CONTRACTUAL RECOURSE

A contract requires mutuality of obligation, mutuality of remedy, and fairness. Defendant seeks to label Plaintiff a master 'co-member' for the sole purpose of forcing her out of federal court. Yet, the undisputed historical record reveals that Defendant never treated Plaintiff as an account owner or member.

In 2024, when Plaintiff discovered the fraudulent line of credit and contacted ICCU, on a recorded line, multiple credit union representatives explicitly refused to allow Plaintiff to freeze or close the card, declaring that because her estranged husband was listed as 'PRIMARY MEMBER', Plaintiff was a non-entity devoid of basic account authority. As a direct consequence of ICCU blocking Plaintiff from protecting her identity, the perpetrator was permitted to max out the fraudulent card to $20,000.

Under the equitable doctrine of Estoppel, a corporate litigant cannot invoke the burdens of an alleged agreement against a consumer while concurrently denying that consumer the benefits and rights of the exact same agreement. ICCU cannot treat Plaintiff as a ghost with zero authority when she seeks to stop fraud, and then claim she is a master member to escape judicial scrutiny.

## IV. A STAY OF PROCEEDINGS AND DISCOVERY IS IMPROPER WHERE THE GATEWAY ISSUE OF CONTRACT FORMATION IS ACTIVELY DISPUTED

Defendant filed its Motion to Stay Proceedings a mere eight and a half hours after being served with Plaintiff's formal Requests for Production. A stay of proceedings is entirely improper where the physical evidence directly undermines the moving party's assertions.

Plaintiff's pending discovery requests seek the primary gateway documents controlling this threshold issue: the original 2019 electronic audit logs, any alleged executed membership signature cards, and the internal 2024 telephone recordings where ICCU supervisors actively blocked the fraud reporting. This Court must deny the stay and permit limited discovery to proceed on the narrow issue of contract formation.

## CONCLUSION

For the reasons set forth above, Plaintiff DeAnna Strain respectfully requests that this Court ENTER AN ORDER:

1. DENYING Defendant's Motion to Compel Arbitration;
2. DENYING Defendant's Motion to Stay Proceedings;
3. ORDERING Defendant to fully respond to Plaintiff's pending Requests for Production within thirty (30) days; and
4. SETTING A SUMMARY EVIDENTIARY HEARING pursuant to § 9 U.S.C. 4 of the Federal Arbitration Act, so that the physical authenticity of the handwriting, forged income/liability data, and unexecuted signature blocks on Exhibit B can be properly adjudicated before this Court.

Dated: November 24, 2026.

Respectfully submitted,

DeAnna Strain, Pro Se Plaintiff
7642 N Nature
Hernando, FL 34442
Telephone: (352) 819-0734
Email: thyne36@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November 2026, a true and correct copy of the foregoing was served via U.S. Mail and Email upon opposing counsel: Thomas F. Brink, Esq., Boyd Richards Parker & Colonnelli, P.L., 400 N. Ashley Drive, Suite 1150, Tampa, FL 33602 (tbrink@boydlawgroup.com).

DeAnna Strain, Pro Se Plaintiff

## Certification Regarding Use of Generative Artificial Intelligence

I certify that generative artificial intelligence was used in formatting and preparing this filing. I personally reviewed all AI-drafted language, including language I later edited, for accuracy. I verified that every legal citation refers to an actual case or other legal authority and that this filing accurately describes the cited authority.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

DEANNA STRAIN, Case No. 5:26-cv-00341-WWB-PRL

Plaintiff,

v.

IDAHO CENTRAL CREDIT UNION,

Defendant.

**PLAINTIFF'S EXHIBIT A-2**

**DECLARATION OF DEANNA STRAIN**

I am the Plaintiff in this case. I make this declaration from personal knowledge in support of my opposition to ICCU's amended motion to compel arbitration (Doc. 22).

1. The 2019 vehicle loan was paid off in 2023.

2. I reviewed the credit application at page 11 of ICCU's Exhibit B (Doc. 22-2, PageID 182). I did not write the entries on that page, including the entries for housing expenses and monthly child support.

3. I was not receiving the $750 per month in child support shown on that application at the time.

4. In July 2024, I contacted ICCU about the disputed credit card. ICCU told me I was not "listed as a member" and refused my request to close the card.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24.2026.

________________________________

DeAnna Strain